14-90008-am
In re Castillo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand eighteen.

PRESENT:

José A. Cabranes,
Robert D. Sack,
Richard C. Wesley,
     *Circuit Judges.*

_____

| | |
|---|---|
| In re Gaspar Castillo, | 14-90008-am |
|     Attorney. | ORDER OF GRIEVANCE PANEL |

_____

For the reasons that follow, the record of this disciplinary proceeding, except as to the portions described below, will be disclosed to the judge presiding over, and the parties to, the 28

U.S.C. § 2255 proceeding docketed in the United States District Court for the Northern District of New York under *Bouchard v. United States*, 12-cr-381 (N.D.N.Y.).

**I.  Overview of Disciplinary Record**

By order filed in April 2016, this Court publicly reprimanded Gaspar Castillo for engaging in conduct unbecoming a member of the bar, and barred him from representing clients in this Court pursuant to the Criminal Justice Act for a two-year period.  Castillo was represented in the disciplinary proceeding by Robert Roche.

The record for this disciplinary proceeding consists of a number of filings by Castillo and Roche and several orders of this panel, including (a) a May 2014 public order imposing an interim suspension; (b) a June 2014 public order terminating the interim suspension; (c) a June 2014 non-public order imposing a private reprimand; (d) an April 2016 public order imposing a public reprimand; and (e) a July 2016 public order imposing a reciprocal suspension, based on a suspension imposed by a state court.  Until now, the only documents in the record available to the public have been the above-listed orders imposing public discipline.

Both Castillo and Roche filed documents in Castillo's disciplinary proceeding that reference medical information about themselves.  That information is found in a May 2014 letter from

2

Roche and a November 2015 affirmation from Castillo; both documents primarily address the allegations of misconduct in the disciplinary proceeding, although Roche's letter also addresses the timing of Castillo's response to the misconduct allegations.

**II.  The Present Request for Disclosure**

Elizabeth Bouchard, on behalf of Michael Bouchard, recently requested that Castillo's disciplinary record be disclosed to her and Michael Bouchard for purposes of Mr. Bouchard's § 2255 proceeding, which commenced in October 2017.  *See Bouchard v. United States*, 12-cr-381 (N.D.N.Y.), doc. 153 (§ 2255 motion, filed Oct. 17, 2017).  Mr. Bouchard alleges in his § 2255 motion that, inter alia, he received ineffective assistance of counsel from Castillo, and that Castillo's disciplinary record in this Court is relevant to those claims.  *Id.* at 48-88.  In November 2017, this Court ordered Castillo and Roche to show cause why Castillo's disciplinary record should not be made public or, in the alternative, disclosed to Elizabeth and Michael Bouchard and/or the judge presiding over Mr. Bouchard's § 2255 proceeding.  Castillo opposes disclosure; Roche has not responded.[1]

---

[1] For present purposes, we do not deem Roche's failure to respond to be a waiver of the disclosure issue, and assume that he opposes disclosure of the medical-related information concerning him.

3

**III. Disposition**

Upon due consideration, it is hereby ORDERED that, with the exceptions noted below, the disciplinary record be provided to the judge and parties in Michael Bouchard's § 2255 proceeding. The exceptions are as follows:

(a) Roche's May 2014 letter will be redacted to delete several sentences on pages 1 and 2 concerning medical information relating to Roche (the first, third, fourth and fifth redactions), and two sentences and a portion of a sentence on page 1 concerning medical information relating to Castillo (the second redaction);

(b) Castillo's November 2015 affirmation will be redacted to delete a sentence on page 2 relating to a medical issue; and

(c) The documents concerning Bouchard's disclosure request will not be disclosed: the request itself, this Court's November 2017 order, and Castillo's opposition to the request, which concern only the present disclosure issue.[2]

Although Bouchard's criminal case was not at issue in Castillo's disciplinary proceeding, we conclude that the disciplinary record is arguably relevant to the ineffective assistance of counsel claims raised in Bouchard's § 2255 proceeding. We further conclude that any interest Castillo and Roche may have in keeping the entire disciplinary record confidential is outweighed by Bouchard's

---

[2] The Court's deliberative documents, such as memoranda prepared in-chambers or by counsel to the Grievance Panel that were not intended for filing, are not part of the disciplinary record and are not subject to disclosure.

4

interest in disclosure, particularly since: Castillo's disciplinary proceeding resulted in public discipline, much of the disciplinary record is already public, and redaction of specific sensitive information will protect Castillo's and Roche's privacy interests.

This Court does not have any rule or case law governing the disclosure of disciplinary records after an attorney disciplinary proceeding results in public discipline. However, the rules of other courts and disciplinary authorities support disclosure to varying degrees.

Only a few other circuits have published rules covering the issue. The relevant Third Circuit rule makes public, with certain exceptions, any disciplinary proceeding resulting in public discipline. *See* Third Circuit Rules of Attorney Disciplinary Enforcement, Rule 15 (July 2015). The Sixth and Eleventh Circuits treat disciplinary records as confidential, with certain exceptions, but permit the chief judges of those circuits to make records public. *See* Sixth Circuit Rule 46(c)(2) (Aug. 2012); Eleventh Circuit Rules Governing Attorney Discipline, Rule 2(E) (Jan. 2002).[3]

---

[3] The Sixth Circuit's Rule 46(c)(2) provides that "[a]ll records pertaining to disciplinary proceedings before the court must be filed under seal, unless the chief judge orders otherwise." The Eleventh Circuit's Rule 2(E) provides that "[e]xcept as provided in Rule 13(C) [permitting public discipline orders to be transmitted to other disciplinary authorities], unless and until otherwise ordered by the

The relevant statutes and rules of New York, Connecticut, and Vermont, governing disclosure of state disciplinary records, also would permit the disclosure of Castillo's disciplinary record.

Under New York law, state disciplinary records are initially confidential, but can be divulged upon a showing of good cause and, in any event, become public if "charges are sustained by the justices of the appellate division." N.Y. Judiciary Law § 90(10). Under Connecticut law, a disciplinary record is public, with certain exceptions that are not now relevant, if "probable cause has been found that the attorney is guilty of misconduct." Conn. Gen. Stats. § 2-50(c). Under Vermont law, in relevant part, all Professional Responsibility proceedings and records "formally submitted to a hearing panel after the filing of formal charges or stipulation shall be public unless [an interested party] obtains . . . a protective order for specific testimony, documents, or records," except that "the work product of the [Professional Responsibility] Board, hearing panel, and their counsel, as well as the deliberations of the hearing panel, Board, and Court shall remain confidential." Vt.

Chief Judge, all reports, records of proceedings, and other materials presented by the Court, the [Court's] Committee [on Lawyer Qualifications and Conduct], or any person to the Clerk of the Court (the Clerk) for filing shall be filed and maintained as sealed and confidential documents and shall be labeled accordingly by the Court, the Committee, or the person presenting such matters for filing."

Supreme Ct. Admin. Order No. 9, Perm. Rules Governing Estab. & Operation of Prof'l Resp. Program, Rule 12(B).

Additionally, the American Bar Association's Model Rules for Lawyer Disciplinary Enforcement provide that disciplinary proceedings become public, with certain exceptions, once there is a "determination that probable cause exists to believe that misconduct occurred" and formal charges have been filed and served. ABA, Model Rules for Lawyer Discipl. Enf., Rules 16(A) and (C) (Aug. 1989, amended Aug. 2002); *id.*, Rules 16(D)-(E) (exceptions).

For present purposes, we need not determine whether all disciplinary records, or all disciplinary proceedings resulting in public discipline, are presumed to be open to the public. Nor do we decide that all references to medical information in a disciplinary record must be redacted when the record is disclosed. We hold only that, in this case, Bouchard has shown good cause for the disclosure of Castillo's record with certain redactions, and that the redacted portions contain personally sensitive information that is either irrelevant to Bouchard's § 2255 claims (e.g., Roche's medical information) or, at most, tangential to those claims (because the sensitive information relates to why certain defaults occurred, not whether they occurred).

We reject Castillo's suggestion that disclosure of his disciplinary record by this Court is barred absent his execution of a release pursuant to the privacy provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). First, this Court is not one of the entities covered by that statute. *See* 42 U.S.C. § 1320d-1(a) (stating that the statute applies to health plans, health care clearinghouses, and health care providers); Executive Order No. 13181, Dec. 20, 2000, 65 F.R. 81321 ("HIPAA applies only to 'covered entities,' such as health care plans, providers, and clearinghouses. HIPAA regulations therefore do not apply to other organizations and individuals that gain access to protected health information, including Federal officials who gain access to health records during health oversight activities."); 45 C.F.R. § 160.103 ("Covered entity means: (1) A health plan. (2) A health care clearinghouse. (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter.").

Second, and in any event, the redactions required by this order will avoid any unauthorized or inappropriate disclosure of medical information.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8